**ADIDAS AMERICA, INC.; et al.,
Plaintiffs—Appellants,**

v.

**PAYLESS SHOESOURCE, INC.,
Defendant—Appellee.**

No. 04–35553.

D.C. No. CV–01–01655–RE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Jan. 5, 2006.

Jerre B. Swann, Esq., R. Charles Henn, Jr., Esq., Kilpatrick Stockton, LLP, Atlanta, GA, Stephen M. Feldman, Esq., Thomas R. Johnson, Perkins Coie, LLP, Portland, OR, for Plaintiffs–Appellants.

Kenneth R. Davis, Esq., Lane Powell, P.C., Portland, OR, Alok Ahuja, Esq., David R. Barnard, Esq., David V. Clark, Esq., Gerald M. Kraai, Esq., William R. Rudy, Esq., Lathrop & Gage L.C., R. Kent Sellers, Esq., William R. Hansen, Esq., Kansas City, MO, Stephen J. Horace, Esq., Lathrop & Gage LC, Boulder, CO, Bernadette R. McGlynn, Esq., Lathrop & Gage, New York, NY, for Defendant–Appellee.

Before FERGUSON, KLEINFELD, and GRABER, Circuit Judges.

KLEINFELD, Circuit Judge, dissenting in part and concurring in part.

## MEMORANDUM *

Plaintiffs Adidas America, Inc., and Adidas–Salomon AG (collectively "Adidas") appeal the District Court's partial summary judgment order in favor of Defendant Payless Shoesource, Inc. ("Payless"). In its Lanham Act action, Adidas alleged that Payless infringed upon Adidas's trademark by selling footwear bearing confusingly similar imitations of Adidas's registered Three–Stripe Mark. The District Court held that a 1994 settlement agreement between Adidas and Payless precludes Adidas's current claims.

We reverse the District Court's summary judgment order and remand for further proceedings consistent with this disposition.

### I.

As a threshold issue, we find we have jurisdiction to consider this appeal under 28 U.S.C. § 1291. Adidas raised ten claims before the District Court relating to trademark infringement and dilution, unfair competition, breach of contract, and trade dress infringement and dilution. On summary judgment, the District Court dismissed all of the claims, except those related to trade dress, because it concluded that the 1994 settlement agreement between the parties prevented Adidas from bringing any future claims against Payless based solely on Payless's use of stripe designs. The District Court later certified its partial judgment pursuant to Fed. R.Civ.P. 54(b).

■ When more than one claim for relief is presented to a court, Rule 54(b) allows that court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Recently, we held that, in a routine case, when "the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable," a Rule 54(b) request should not be granted. *Wood v. GCC Bend, LLC,* 422 F.3d 873, 883 (9th Cir.2005). The present case is distinguishable from *Wood* because the current resolution of the summary judgment dispute regarding the claims certified pursuant to Rule 54(b) revolves around a single legal issue, interpretation of the 1994 settlement agreement, while the claims that remain before the District Court involve the factually and legally distinct issue of trade dress infringement.

Resolution of the present appeal will in fact facilitate swift and efficient resolution of all of Adidas's claims because it will once again allow consolidation of Adidas's trademark and trade dress claims in one trial. Otherwise, a full trial would have to be held as to Adidas's trade dress claims before this Court could determine whether Adidas's trademark claims were properly dismissed. Because, as we hold *infra,* the District Court's summary judgment order was based on an erroneous interpretation of the 1994 settlement agreement, Adidas's trademark claims would then be remanded to the District Court for yet another full trial. Substantive consideration of Adidas's trademark claims involves facts that overlap with those related to the trade dress claims. Therefore, by not granting the Rule 54(b) request, the District Court would have increased the likelihood of two full trials comparing the similarities between Adidas's and Payless's shoe designs. By granting the motion, the District Court properly conserved judicial resources.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We find that the Rule 54(b) certification of Adidas's claims was proper. Therefore, we have jurisdiction to consider this appeal.

## II.

■ On the substance of the appeal, we hold that the District Court erred by granting summary judgment to Payless based on the 1994 settlement agreement. A plain reading of the agreement demonstrates that Adidas released only those claims against Payless that Adidas "brought or could have brought" before the dismissal of the action that was the subject of the settlement. The shoe stripe designs at issue in the present dispute, however, were not produced by Payless until after the 1994 agreement was concluded. Adidas could not have brought a claim against shoes not in existence prior to the execution of the settlement. *Cf. Botefur v. City of Eagle Point,* 7 F.3d 152, 157–58 (9th Cir.1993) (holding that a release of "such claims or other matters aris[ing] from the beginning of time to the date of execution of this Agreement" did not protect the defendant from liability arising from unconstitutional conduct that occurred after the agreement's execution). Therefore, the 1994 settlement agreement does not preclude Adidas's present Lanham Act claims against Payless.

For this reason, we reverse the District Court's summary judgment order as to Adidas's first, second, fourth, sixth, eighth, and ninth claims and remand for further proceedings.

REVERSED and REMANDED.

1. *Wood v. GCC Bend, LLC,* 422 F.3d 873 (9th Cir.2005).

2. *Id.* at 880.

KLEINFELD, Circuit Judge.

I respectfully dissent from Part I of the majority's disposition. The majority reads *Wood v. GCC Bend, LLC*[1] too narrowly. There is a significant factual overlap between the issues on appeal in this case and those still pending in the district court and the issue may well give rise to additional appeals based on the further proceedings of the district court. *Wood* should be the end of this appeal.[2] We should reverse certification and dismiss the appeal.

As to Part II of the disposition pertaining to the merits of the case, I would agree fully with the majority's disposition, if I thought it appropriate to reach the merits.